375 So.2d 149 (1979)
CENTRAL BANK, Plaintiff-Appellee,
v.
Robert V. BISHOP, Defendant-Appellee,
Gary Keene, Intervenor-Appellant.
No. 13884.
Court of Appeal of Louisiana, Second Circuit.
August 27, 1979.
Rehearing Denied October 4, 1979.
Writ Refused November 30, 1979.
Charles H. Ryan, Monroe, for intervenor-appellant.
Snellings, Breard, Sartor, Inabnett & Trascher by Charles C. Trascher, III, Monroe, for plaintiff-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
BOLIN, Judge.
The only issue in this case is the proper date from which interest should be calculated on a collateral mortgage note. The trial court held interest should be calculated only from the date on which the note was pledged to secure the underlying debt sought to be enforced. The intervenor appeals and the plaintiff bank answers the appeal, both claiming the court erred in its conclusion. The judgment is amended to award interest on the collateral mortgage note from its date; otherwise it is affirmed.
The facts are undisputed. On July 7, 1971 Robert Bishop executed the collateral mortgage note in question in the amount of $10,000, bearing 10% Interest from date. On the same day he pledged the note to Central Bank to secure a loan. This initial loan was repaid, although the bank retained possession of the collateral note.
*150 On March 20, 1973 Bishop obtained another loan of $12,000 from Central Bank and pledged the same collateral note of July 7, 1971 as security. This loan was never repaid but was renewed four timeson December 15, 1973, February 4, 1974, June 13, 1974 and December 10, 1974. On the occasion of each renewal the interest on the preceding note was capitalized into the principal of the renewal note. Consequently, the last renewal note was in the amount of $13,039.80 with interest from maturity. Each renewal note was secured by the same 1971 collateral note.
The last renewal note was not paid at maturity and Central Bank filed suit. Judgment was rendered in favor of the bank for the amount of the last renewal note plus interest from the maturity date of that note, and the bank obtained a writ of fieri facias to have the property covered by the collateral mortgage sold in order to satisfy that judgment.
Before judgment on the last note was obtained, Bishop sold the property covered by the collateral mortgage to the Robert V. Bishop, Jr. Trust. The trustee, Gary Keene, intervened seeking to enjoin the sale of the property by paying the balance due under the mortgage claim of the bank. This dispute arose when the parties were unable to agree as to the proper amount of interest due on the collateral note.
The trial court held interest does not begin to accrue on a collateral mortgage note until it is pledged to secure a specific debt. Consequently, it found interest on the collateral note should be calculated from March 20, 1973, the date Bishop pledged it to secure the loan. Since the amount due on the collateral note thus calculated exceeded the amount offered in payment by the intervenor, the court overruled the plea of payment and ordered the sheriff to proceed with the sale of the property.
Keene appeals. He contends no interest is due on the collateral note until it is due on the underlying obligation and since each renewal of the hand notes capitalized the interest in the preceding note, the interest was in effect paid until the maturity date of the last renewal note.
Central Bank answers the appeal contending interest on the collateral note should be calculated from July 7, 1971, the date the collateral note was executed. It contends the collateral note is a separate negotiable instrument which stipulates interest shall be due from that date; and that according to the law of pledge, it may enforce the payment of the underlying obligation to the full extent of the pledge, which would include interest from July 7, 1971.
The bank's contention is correct. This case does not deal with problems of ranking or the effectiveness of the pledge. There is no dispute as to the amount of the underlying obligation which exceeds the principal amount of the collateral mortgage note plus interest on the note from its date. All we are concerned with in this case is the full value of the thing given in pledge to secure repayment of the loan.
Although the pledge of the collateral note did not become effective until March 20, 1973, part of its value stipulated on the face of the note was 10% interest from July 7, 1971. The collateral note is a separate negotiable instrument which is enforceable by its own terms. Whether or not interest is due on the underlying obligation does not control the terms of the collateral note. By pledging the collateral note to the bank, Bishop obligated himself to pay $10,000 plus 10% interest from July 7, 1971 in the event the loan of March 1973 was not repaid. Since the loan was not repaid, the bank is entitled to collect the amount owed on the underlying obligation up to the full amount stipulated on the face of the collateral note.
Keene argues that this position allows the bank to collect interest on interest, which is prohibited under Civil Code article 1939. This argument has no merit. The interest sought to be collected is interest on the thing pledged and has no relationship to the interest owed on the underlying obligation. Furthermore, the bank can collect no more from the amount of the thing pledged than is actually owed on the underlying obligation.
*151 The judgment is amended to award interest on the collateral mortgage note from July 7, 1971. As amended, the judgment is affirmed. Gary Keene is assessed with the cost of this appeal.